WALLACE, JUDGE:
Claimant filed this claim in the amount of $109.32 against the respondent for damage sustained by his automobile. In the early part of June, 1981, claimant was driving his 1980 Eagle automobile on West Virginia Route 10, a highway maintained by the respondent. At approximately 12:30 p.m., near Baileysville, West Virginia, claimant struck a pothole in the highway which was located about two feet from the edge of the road. It had been snowing and the hole was full of water. A tire and rim on the passenger side of the vehicle were damaged. Claimant testified that he had not driven this road for approximately one year, and the hole was not there at that time. He further stated that he did not know how long the hole had been there, nor did he know if the respondent had been notified of its existence.
The simple existence of a pothole in the road does not make the State negligent per se. For the State to be found negligent, it must have had actual or constructive notice of the particular road defect which allegedly caused the accident, and must have unreasonably allowed that defect to continue to exist. Davis v. Dept. of Highways, 12 Ct.Cl. 31 (1977). The record in this case contains no evidence of any notice to the respondent or failure to act on respondent’s part. Thus, the respondent cannot - be found negligent. Recognizing that the State is neither an insurer nor a guarantor of the safety of persons travelling on its highways (Adkins vs. Sims, 130 W.Va. 645 [1947]), and that, no award can be made without proof of negligence, the Court must disallow this claim. See Hanson vs. Dept. of Highways, 12 Ct.Cl. 198 (1978).
Claim disallowed.